FILED & JUDGMENT ENTERED
Steven T. Salata

February 17 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-31371 |
| **David Matthew Jefferson** ) | Chapter 7 |
| ) | |
| **Debtor.** ) | |

## ORDER REGARDING GHOST-WRITING AND
## UNBUNDLED LEGAL SERVICES

**THIS MATTER** came before the Court on the Bankruptcy Administrator's motion under 11 U.S.C. § 329(a) to determine whether fees should be disgorged. This case was filed *pro se* on August 23, 2016; however, the filings and testimony at the first meeting of creditors revealed that Tiffany Turner of the Turner Law Firm PLLC assisted the debtor in preparing his case. Per the agreement between the debtor and Turner, once the petition was prepared, Turner's duty to represent the debtor ceased. The Bankruptcy Administrator asserts that this constitutes an impermissible attempt to "unbundle" legal services or to "ghost-write" for a *pro se* party.

An attorney who attempts to pick and choose which services he provides in bankruptcy walks treacherous and narrow path, one that he could easily fall off of and

into ethical pitfalls. "Attorneys in this judicial district are retained for the entire bankruptcy case" and may not "redefine the bankruptcy representation to exclude particular services" except where permitted by the Code and/or Local Rules.[1] *In re Burton*, 442 B.R. 421, 453 (Bankr. W.D.N.C. 2009). As previously explained by this Court, our Local Rules "[do] not contemplate cafeteria plans or unbundling services in consumer cases." *Id*.

The practice of ghost-writing, when an attorney prepares pleadings for a *pro se* litigant that the assisting lawyer does not sign, is routinely frowned upon. *In re Mungo*, 305 B.R. 762, 767 (Bankr. D.S.C. 2003). Such practice "violates an attorney's duty of candor and circumvents Rule 9011 which ensures that submissions of court documents are made in good faith with the responsible party's signature." *In re Dreamplay, Inc.*, 534 B.R. 106, 120 (Bankr. D. Md. 2015).

At the hearing on this matter, it became apparent that Turner's actions, while prohibited, were a one-time occurrence. Turner indicated that this was a unique situation with this particular client and that she would not attempt to engage in this practice in the future.

Normally, this conduct would result in substantial sanctions and/or ethical discipline. However, this is Turner's first offense. She is fortunate that no harm was occasioned from her actions. Although an attorney may not act as a petition preparer, 11

---

[1] Our Local Rule 2091-1 defines the scope of an attorney's duty to represent debtors in bankruptcy and provides for only a few, narrow instances where an attorney may be relieved from representing a debtor. For example, when a case is involuntarily converted to a Chapter 7, Rule 2091-1(a)(2) provides that the duty to represent the debtor may be terminated at the conclusion of the 341 meeting. Under Rule 2091-1(a)(1), an attorney is not required to represent a Chapter 7 debtor in an adversary proceeding so long as the exception is included in the attorney's retention agreement.

U.S.C. § 110(a)(1), Turner has performed valuable services in this case.  Accordingly, on this occasion, disgorgement and/or sanctions do not appear to be warranted.  The Court leaves Turner with a warning that this conduct will not be met with leniency in the future.

**SO ORDERED.**

**This Order has been signed electronically.**            **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**